# Exhibit "E"

Local Rule 7001-1 Deviation From Rules Governing Adversary Proceedings

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 1 | L.R. 7012-2 | **Extension of Time to Plead or File Motion.** The deadline to plead or move in response to a complaint or other pleading in an adversary proceeding may be extended for a period of up to twenty-eight (28) days by stipulation of the parties docketed with the Court or, for a longer period of time, by order of the Court. Any motion for extension of time to plead or move in response to a complaint or other pleading in an adversary proceeding or a stipulation seeking entry of an order approving such an extension must be filed with the Court prior to the expiration of the deadline to be extended. Any deadline extended pursuant to this section shall not affect any other deadlines set forth in any Scheduling Order entered by the Court. | Parties are required to file stipulations to extend the deadlines contained in the procedures order, but are not required to obtain a Court order. | Given the numerous adversary proceedings, elimination of certifications of counsel and orders for agreed upon extensions by the parties will eliminate the costs to the parties and the time and resources of the Court. |
| 2 | L.R. 7016-1(a); Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(f) | **Attorney Conference Prior to Scheduling Conference.** All attorneys for all the parties shall confer at least seven (7) days prior to the Fed. R. Civ. P. 16(b) scheduling conference to discuss: (i) The nature of the case; (ii) Any special difficulties that counsel foresee in prosecution or defense of the case; (iii) The possibility of settlement; (iv) Any requests for modification of the time for the mandatory disclosure required by Fed. R. Civ. P. 16(b) and 26(f); and (v) The items in Local Rule 7016-1(b). | The pretrial conference (also deemed the scheduling conference under L.R. 7016-1) is waived upon the entry of the proposed procedures order; as there is no pretrial conference, there would be no attorney conference held prior to a waived conference. | As the scheduling and discovery issues to be discussed at the attorney conference are issues addressed in the entered procedures order, eliminating the need for the pretrial conference, the parties do not need an attorney conference on the same. |
| 3 | L.R. 7016-1(b); Fed. R. Bankr. P. 7016; Fed. R. Civ. P. 16 | **Scheduling Conference.** At the Fed. R. Civ. P. 16(b) scheduling conference, the Court may consider, in addition to the items specified in Fed. R. Civ. P. 16(b) and 16(c), the following matters: (i) The schedule applicable to the case, including a trial date, if appropriate; (ii) The number of interrogatories and requests for admissions to be allowed by any party and the number and location of depositions; (iii) How discovery disputes are to be resolved; (iv) The briefing practices to be employed in the case, including what matters are or are not to be briefed and the length of briefs; (v) The possibility of settlement; (vi) Whether the matter could be resolved by voluntary mediation or binding arbitration; and (vii) Timing and procedures for any party's motion for relief contemplated by Fed. R. Bankr. P. 7016(b). | The scheduling conference is waived upon the entry of the proposed procedures order. | As pretrial/scheduling conferences are held to discuss scheduling and discovery issues to move the cases forward, and these issues are addressed in the entered procedures order, a scheduling conference is not necessary. |
| 4 | L.R. 7026-1(b) | **Discovery.** (provisions concerning discovery disputes generally) | While the procedures contained in this rule are not changed should a motion become necessary, the procedures order provides for pre-motion letters to the Court. | Pre-motion letters and telephonic conferences (if necessary) will save both the parties and the Court time and resources on discovery issues. |
| 5 | L.R. 7026-2(b)(ii) | The party responsible for service of the discovery request or the response shall retain its respective originals and become the custodian of them. The party taking an oral deposition shall be custodian of the original deposition transcript; no copy shall be filed except pursuant to subparagraph (iii). Unless otherwise ordered, in cases involving out-of-state counsel, Delaware Counsel shall be the custodians. | Modifies so that the counsel for Plaintiff and each Defendant serving the discovery request or response is the custodian of such discovery material. | Avoids the expense to both parties of requiring duplicate copies of discovery material if the non-Delaware Counsel is serving the same. |
| 6 | L.R. 7026-3(b) | **Discovery Conference.** Parties shall discuss the parameters of their anticipated e-discovery consistent with the concerns outlined below. In a contested matter, the discussions will take place prior to or concurrent with the service of written discovery by the parties. In an adversary proceeding, the discussions will take place at the Fed. R. Civ. P. 26(f) conference, as well as at the Fed. R. Civ. P. 16 scheduling conference with the Court. Unless otherwise agreed by the parties or ordered by the Court, the parties shall exchange the following information: | While the provisions of L.R. 7026-3 are still applicable under the Procedures Order, as the pretrial/scheduling conferences are waived, the e-discovery conference would take place between the parties. | This allows the parties to meet informally to discuss the specific concerns of each case, without the need to attend a pretrial, as the scheduling and other discovery issues discussed at the pretrial are addressed in the Procedures Order. |

Exhibit "E"
Local Rule 7001-1 Deviation From Rules Governing Adversary Proceedings

| No. | Rule Citiation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 7 | L.R. 9019-2(e)(i) | **Selection**. Upon assignment of a matter to mediation or arbitration in accordance with these Local Rules and unless special circumstances exist as determined by the Court, the parties shall select a mediator or arbitrator. If the parties fail to make such selection within the time as set by the Court, then the Court shall appoint a mediator or arbitrator. A mediator or arbitrator shall be selected from the Register of Mediators, unless the parties stipulate and agree to a mediator or arbitrator not on the Register of Mediators. | The Procedures Order provides a panel of mediators from which a dendant can choose a mediator. The order further provides that if a defendant fails to select a mediator from the list of mediators attached to the Procedures Motion, one of the listed mediators will be assigned by Plaintiff. | A mediation panel provides defendants with a choice of mediator, but allows a set group of mediators to become familiar with the case and its particular issues. In addition, the costs to the estate as lessened when multiple adversary actions are mediated in blocks of time by the same mediator. This cost savings can also be realized in situations with defense counsel representing multiple defendants. |
| 8 | L.R.9019-2(g) | **Administrative Fee**. The mediator or arbitrator shall be entitled to an administrative fee of $250, payable upon his or her acceptance of the appointment, in every dispute referred to mediation, except a proceeding or matter in a consumer case. The administrative fee shall be a credit against any fee actually paid to the mediator or arbitrator in such proceeding or matter. | The $250 administrative fee is in addition to, not credited against, the fee paid for mediation. | As the mediator does not receive the mediation fee if the parties settle at least 7 calendar days prior to the mediation, this amount compensates the mediator for any adminstrative, scheduling, and conflict check work that would not be compensated if the parties ultimately settle |
| 9 | L.R.9019-5(c)(ii) | **Time and Place of Mediation Conference**. After consulting with all counsel and pro se parties, the mediator shall schedule a time and place for the mediation conference that is acceptable to the parties and the mediator. Failing agreement of the parties on the date and location for the mediation conference, the mediator shall establish the time and place of the mediation conference on no less than twenty-one (21) days' written notice to all counsel and pro se parties. | Plaintiff's counsel will obtain the mediators' schedules and contact defense counsel to schedule the mediations. Mediation shall be conducted in Delaware (unless the parties mutually agree to change the location and the mediator so agrees) | With multiple mediators on the mediation panel, it is administratively most effecient for Plaintiff's counsel to maintain the master mediation schedule and contact defendants to schedule them as the mediators' schedule allows. The costs to the estate as lessened when multiple adversary actions are mediated in blocks of time at the same location. Similarly, for defense counsel that often represent multiple defendants, the costs of attendance can be spread over multiple clients. |
| 10 | L.R. 9019-5(c)(iv)(4) | **Attendance at Mediation Conference:** ... (4) The attorney who has primary responsibility for each party's case, including Delaware counsel if engaged at the time of mediation regardless of whether Delaware counsel has primary responsibility for a party, unless Delaware counsel requests to be and is excused from attendance by the mediator in advance of the mediation conference | The order requires at least one counsel for each party, but does not require that counsel to be Delaware counsel. | Consideration of costs to both the Debtor's estate and defendants. |
| 11 | L.R. 9019-5(c)(vi) | **Settlement Prior to Mediation Conference**. In the event the parties reach a settlement in principle after the matter has been assigned to mediation but prior to the mediation conference, the plaintiff shall advise the mediator in writing within one (1) business day of the settlement in principle. | The order does not require a specific dealine for informing the mediator of settlement in general, but does provide a 7-day cut-off deadline after which the Pre-Mediator Fee is non-refundable. | The Pre-Mediation Fee compensates the mediator for any preparation in advance of mediation, while allowing the parties to continue to work towards settlement up to the time of mediation. |
| 12 | L.R. 9019-5(j)(iii) | **Defendant's Election**. On or within twenty-eight (28) days after the date that the Defendant's response is due under the Summons, the Defendant may opt-in to the procedures provided under this subsection (j) by filing with the Court on the docket of the adversary proceeding and serving on the Plaintiff, a certificate in the form of Local Form 118 ("Certificate"). The time period provided hereunder to file the Certificate is not extended by the parties' agreement to extend the Defendant's response deadline under the Summons. | Opts smaller-case defendants automatically into the alternative proceudres under Rule 9019-5(j), but allows for them to elect to do formal discovery first. | As many smaller case defendants prefer the alternative procedures, this eliminates the formal requirements to do so, but still preserves their right to the regular schedule. |

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 13 | L.R. 9019-5(j)(v) | **Appointment of Mediator**. On or within fourteen (14) days after the date that the Certificate is filed, Plaintiff shall file either: (i) a stipulation (and proposed order) regarding the appointment of a mediator from the Register of Mediators approved by the Court; or (ii) a request for the Court to appoint a mediator from the Register of Mediators approved by the Court. If a stipulation or request to appoint is not filed as required hereunder, then the Clerk of Court may appoint in such proceeding a 152 mediator from the Register of Mediators approved by the Court. | Provides a timeline for mediator selection and the occurrence of mediation of smaller matters, as well as has defendants select a mediator from a mediator panel. If no selection is made, Plaintiff assigns a mediator from the mediation panel. | The timing of mediation is to give all parties ample opportunity to settle prior to the costs of mediation. A mediation panel provides defendants with a choice of mediator, but allows a set group of mediators to become familiar with the case and its particular issues. In addition, the costs to the estate as lessened when multiple adversary actions are mediated in blocks of time by the same mediator. This cost savings can also be realized in situations with defense counsel representing multiple defendants. |
| 14 | L.R. 9019-5(j)(viii)(B) | **Agreement to and Filing of Scheduling Order after Conclusion of Mediation**. If the mediation does not result in the resolution of the litigation between the parties to the mediation, then within fourteen (14) days after the entry of the Certificate of Completion on the adversary docket. The parties to the mediation shall confer regarding the adjustment of the date and time frames set forth in the scheduling order entered by the Court so that such dates and time frames are calculated from the date of completion of mediation, and agree to a related form of scheduling order or stipulation and proposed order, and the plaintiff shall file such proposed scheduling order or stipulation and proposed order on the docket of the adversary proceeding under certification of counsel. If the parties do not agree to the form of scheduling order or stipulation as required hereunder and the timely filing thereof, then the parties shall promptly contact the Court to schedule a hearing to consider the entry of an amended scheduling order. | The discovery and other relevant deadlines post-mediation are contained in the Procedures Order. | The Procedures Order allows the parties to finalize discovery and other deadlines at the forefront, without the necessity of adjusting a presviously-entered order. |
| 15 | L.R. 9019-5(j)(ix)(A) | **Persons Required to Attend**. A representative of each party who has full authority to negotiate and settle the matter on behalf of the party must attend the mediation in person. Such representative may be the party's attorney of record in the adversary proceeding. Other representatives of the party or the party (if the party is not the representative appearing in person at the mediation) may appear by telephone, videoconference or other similar means. If the party is not appearing at the mediation in person, the party shall appear at the mediation by telephone, videoconference or other similar means as directed by the mediator. | Procedures Order requires one party representitive and one counsel, unless the mediator allows the party representative to appear telephonically. Should a party not agree with mediator's decision, it may file a letter with the Court. | Allows the mediator to determine on a case-by-case basis whether the party representative's appearance would be helpful to a matter settling. It also provides a Court review of the matter should the contesting party so choose. |
| 16 | General Order Re: Adversary Proceedings, as amended | **Mediation.** (a) No later than one hundred twenty (120) days after an answer or other responsive pleading is filed the parties shall file a Stipulation Regarding Appointment of Mediator unless prior to that date the parties have submitted a motion for order of dismissal or a stipulated judgment. If the parties fail to file a Stipulation Regarding Appointment of Mediator not later than ten (10) days after the deadline, the court will enter an order, without further notice or hearing, selecting and appointing a mediator for the adversary proceeding. The mediator shall be selected from the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 for the United States Bankruptcy Court, District of Delaware. | Procedures Order p rovides a timeline for mediator selection and mediation, as well as has defendants select a mediator from a mediator panel. If no selection is made, Plaintiff assigns a mediator from the mediation panel. | The timing of mediation is to give all parties ample opportunity to settle prior to the costs of mediation. A mediation panel provides defendants with a choice of mediator, but allows a set group of mediators to become familiar with the case and its particular issues. In addition, the costs to the estate as lessened when multiple adversary actions are mediated in blocks of time by the same mediator. This cost savings can also be realized in situations with defense counsel representing multiple defendants. |
| 17 | Fed. R. Bankr. P. 7012(a) | (a) When Presented. If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court. | Provides that a defendant has 90 days to file a responsive pleading after issuance of the summons. | Allows the parties ample opportunity to settle prior to the costs associated with filing a formal response and engaging in litigation. |

Local Rule 7001-1 Deviation From Rules Governing Adversary Proceedings

| No. | Rule Citiation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 18 | Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(a)(1)(D) | (C) Time for Initial Disclosures—In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. | Smaller cases are to provide initial disclosures after mediation, and larger cases are to provide initial disclosures the later of 30 days after an answer is filed or the procedures order is entered on the docket. | For small cases, this change allows the parties to delay all discovery until after mediation. For larger cases, as the scheduling conference is waived and therefore no 26(f) conference is necessary, this provides a date for the parties by which the initial disclosures shall be produced. |
| 19 | Fed. R. Civ. P. 7033; Fed. R. Civ. P. 33(b)(2) | (2) Time to Respond. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court. | Procedures order governing larger cases provides a 60 day response deadline instead of 30. | This will allow the parties ample time to gather documents and information in larger cases without the need to requests extensions on the deadline. |
| 20 | Fed. R. Civ. P. 7034; Fed. R. Civ. P. 34(b)(2) | (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court. | Procedures order governing larger cases provides a 60 day response deadline instead of 30. | This will allow the parties ample time to gather documents and information in larger cases without the need to requests extensions on the deadline. |
| 21 | Fed. R. Civ. P. 7036; Fed. R. Civ. P. 36(a)(3) | (3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court. | Procedures order governing larger cases provides a 60 day response deadline instead of 30. | This will allow the parties ample time to gather documents and information in larger cases without the need to requests extensions on the deadline. |